### ARKANSAS–BEST FREIGHT SYSTEM, INC., et al.

v.

### Honorable Frank D. COCHRAN, et al.

### No. 82–3098.

United States District Court,
M. D. Tennessee,
Nashville Division.

May 27, 1982.

David Scruggs, Dale Woodall, Memphis, Tenn., for plaintiffs.

Henry Walker, Jim G. Creecy, Deputy Atty. Gen., State of Tenn., Nashville, Tenn., for defendants.

## MEMORANDUM

MORTON, Chief Judge.

The plaintiffs are motor carriers subject to the regulations of the Interstate Commerce Commission and the Tennessee Public Service Commission and are operating throughout the State of Tennessee and are therefore subject to ad valorem property taxation in the counties and municipalities in which they do business.

The defendant, Tennessee Public Service Commission, a commission created pursuant to T.C.A. 65–101 and under T.C.A. 67–901, *et seq.,* is the body charged with the responsibility of annually assessing the property of public utilities, including the plaintiff motor carriers, for property tax purposes. Said Commission is composed of the three Commissioners whose names are listed in the caption and who are sued in their official capacities as Commissioners.

The defendant, Tennessee State Board of Equalization, is created pursuant to T.C.A. 4–307 and is charged with the duties and responsibilities set forth in said section, and under T.C.A. 67–932 the duty to review assessments made by the Tennessee Public Service Commission, including those placed on plaintiffs. Said Board is composed of the members listed in the caption who are sued in their official capacity as members.

On July 27, 1981, Mr. James L. Talbot, Executive Secretary of the defendant Tennessee Public Service Commission, issued to the plaintiffs tentative assessment notices for the 1981 tax year. The tangible personal property of plaintiffs was appraised at one hundred percent of value. The assessment ratio used by the Commission was thirty percent, the same as commercial and industrial property, rather than the public utility ratio of fifty-five percent in accordance with the provisions of The Common Carrier Act of 1980 as construed by the decision of this court in *Arkansas-Best Freight System, Inc., et al. v. Frank D. Cochran, et al.,* No. 80–3468 (M.D.Tenn. May 11, 1981). At the local level an equalization factor determined by the sales ratio for each county is then applied to the assessment to equalize the motor carriers' valuations with the valuations of other property in the assessment jurisdiction.

On August 17, 1981, the Tennessee Public Service Commission conducted a hearing at which the plaintiffs sought relief from the assessment based in part on The Motor Carrier Act of 1980, Pub.L.No. 96–296, 94 Stat. 823–24, 49 U.S.C. Section 11503a (1980). The plaintiffs sought relief based on the fact that while tangible personal property of motor carriers was appraised at one hundred percent of value by the Tennessee Public Service Commission, as adjusted by the sales ratio factor in each county, other commercial and industrial property was presumed to have no value in certain counties and municipalities which had enacted a resolution pursuant to Chapter 902 of the 1978 Tennessee Public Acts, codified at T.C.A. 67–516(b).

The Tennessee Public Service Commission denied the relief sought by the plaintiffs and the plaintiffs subsequently appealed from the Commission's order by appearing before the Tennessee State Board of Equalization at a hearing held on October 26, 1981. The Board likewise denied relief and upheld the assessment made by the Tennessee Public Service Commission.

Plaintiffs filed an action in this court alleging that for the tax year 1981, the defendants were required under Section 31 of The Motor Carrier Act of 1980 to eliminate the assessment of motor carrier transportation property in those counties and cities which had adopted T.C.A. 67–516(b) and pursuant to such statute had not assessed the tangible personal property of those businesses subject to the gross receipts business tax.

By order of this court, dated April 1, 1982, the plaintiffs were permitted to deposit with this court the sum of $143,241.52, representing the amount of taxes in controversy, pending the outcome of this case.

Section 31 of The Motor Carrier Act of 1980, Pub.L.No. 96–296, 94 Stat. 823–24, 49 U.S.C. 11503a (1980) declares that the discriminatory tax treatment of motor carrier transportation property constitutes an unreasonable and unjust discrimination against and an undue burden upon interstate commerce. Such section provides as follows:

The following acts unreasonably burden and discriminate against interstate commerce and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them:

(1) assess motor carrier transportation property at a value that has a higher ratio to the true market value of the motor carrier transportation property than the ratio that the assessed value of other commercial and industrial property in the same assessment jurisdiction has to the true market value of the other commercial and industrial property;

(2) levy or collect a tax on an assessment that may not be made under paragraph (1) of this subsection;

(3) levy or collect an ad valorem property tax on motor carrier transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction.

The legislative history of Section 31 of The Motor Carrier Act notes, *at* H. R. Report No. 96–1069, 96th Cong.2d Sess., *reprinted in* [1980] U.S.Code Cong. & Ad. News 2283, 2327:

This section prohibits the assessment, levying, or collecting of taxes on motor carrier property in a manner different from that of other commercial and industrial property . . . .

The prohibition in this section against different tax rates is intended to apply to taxes such as those on real or personal property, general sales taxes, or other levies that are parts of general tax structure applicable to a variety of commodities, operations, and commercial activities.

Article II, section 28 of the Tennessee State Constitution provides *inter alia,* that:

The Legislature shall have power to tax merchants, peddlers, and privileges, in such manner as they may from time to time direct, and the Legislature may levy a gross receipts tax on merchants and businesses in lieu of ad valorem taxes on the inventories of merchandise held by such merchants and businesses for sale or exchange.

Pursuant to this constitutional provision, the Tennessee Legislature enacted the Tennessee Business Tax Act, T.C.A. 67–5801 *et seq.,* which imposes a statewide gross receipts tax at varying rates which is paid to the local taxing jurisdiction by those doing business within the taxing jurisdiction. Under the Act, T.C.A. 67–5814(c), personal property taxes paid including personal property taxes on inventories of merchandise held for sale or exchange are given credit on the business tax liability. Numerous businesses classified as commercial and industrial property including manufacturing entities, professional service businesses,

banks, and public utilities, including the plaintiffs are exempted by statute from the business tax. These businesses are required to pay the tangible personal property tax to local counties and municipalities under T.C.A. 67–601 et seq.

The Tennessee legislature enacted Chapter 902 of the 1978 Tennessee Public Acts, T.C.A. 67–516(b), to provide:

(b) The governing body of each county by resolution approved by two-thirds (⅔) of its membership may direct the local assessor of property to presume that tangible personal property owned and used by a business subject to the business tax has no value. Provided that such county resolution shall not apply to any municipality unless approved by the municipal governing body thereof.

This subsection shall be null and void if any part thereof is declared unconstitutional.

The provisions of this subsection shall not apply to counties of the first class as defined in Section 8–24–101.

The provisions of this subsection shall not apply in counties having populations of not less than two hundred seventy thousand (270,000) nor more than three hundred thousand (300,000), according to the U.S. census of population of 1970, or any subsequent U.S. census of population.

The four largest counties by population, Shelby, Davidson, Knox and Hamilton, are excluded from the statute. Pursuant to the statute numerous counties and municipalities in Tennessee have adopted by resolution the presumption that for those businesses subject to the business tax its tangible personal property has no value for purposes of the personal property tax. In those counties and municipalities adopting T.C.A. 67–516(b), local businesses pay either the business tax or the personal property tax but not both.

It is the court's belief that the case of Ogilvie v. State Board of Equalization, 492 F.Supp. 446 (N.D.1980), aff'd. 657 F.2d 204 (8th Cir. 1981) is controlling. There the court stated:

"The intent of Congress in enacting Section 306 was to protect interstate rail carriers from discriminatory property taxation. The most obvious form of tax discrimination is to impose a tax on a class of rail transportation property that is not imposed on other nonrailroad property of the same class. The inclusion of personal property in the assessed value of railroad property and other centrally assessed businesses imposes a personal property tax on centrally assessed businesses that is not imposed on locally assessed businesses."

As noted in our review of the history of this section, its purpose was to prevent tax discrimination against railroads in any form whatsoever. Congress rejected a proposed section of the bill which would have granted an exemption to states with a constitution providing for a "reasonable classification of property." North Dakota's rationalization that they have an equitable tax system because of a business privilege tax is nothing more than an attempt to resurrect, in a different form, an exemption from section 306 for states with a "reasonable classification of property." Congress did not accept the proposal and this court will not accept it. Likewise, the argument that there is a presumption in favor of the states' broad taxing power must fail where the purpose of the legislation was to curb the states' power to inequitably tax railroads.

Likewise the court in the case of Arkansas Best Freight System et al. v. Frank D. Cochran, et al., No. 80–3468 (M.D.Tenn. 1981) appeal dismissed, No. 81–5403 (6th Cir. Nov. 4, 1981) stated:

The state has advanced a statutory construction argument in an effort to uphold its classification system that, while without merit, should be mentioned briefly. It is asserted that the definitions of "commercial and industrial property" contained in Section 31 and the Tennessee statutes are not coextensive. Rather, it is noted that the federal definition is broader, encompassing most if not all of the property included in Tennessee's "public utility property" classification, as

well as that in Tennessee's "commercial and industrial" classification. The state therefore asks the court to conclude that since the taxes assessed on motor carrier transportation property are no higher than those assessed on some other property within the federal definition of "commercial and industrial property," there has been no discrimination within the meaning of Section 31.

However, the court cannot accept this argument. The plain meaning of Section 31 is to prohibit discrimination against motor carrier transportation property vis-a-vis other commercial and industrial property generally. The state cannot escape the federal prohibition simply by including some additional "commercial and industrial" property within the "public utility property" classification subject to higher tax rates. The clear fact remains that much, indeed most, of the property within the Section 31 definition of "commercial and industrial property" is taxed by the State of Tennessee at a rate much lower than that assessed on motor carrier transportation property. This is precisely the sort of disparate treatment which Congress attempted to eliminate through the enactment of Section 31. An escape valve as readily available as the one advanced by the state in this case would render Section 31 and its protection against indiscriminatory tax treatment a virtual nullity, and this court will not sanction such a departure from the clear import of the statutory language.

Therefore, the taxes paid to the registry of this court should be refunded to plaintiffs because the failure to tax other commercial and industrial tangible personal property pursuant to the presumption of Tenn.Code Ann. 67–516(b) violates the provisions of The Motor Carrier Act of 1980.